J-S36040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES MARIO PRIDGEN, | |
| Appellant | No. 2121 MDA 2015 |

Appeal from the PCRA Order November 10, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003471-1992

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 20, 2016**

Appellant appeals, *pro se*, the Order entered in the Court of Common Pleas of Lancaster County on November 10, 2015, by the Honorable Jeffrey D. Wright denying his most recent collateral petition styled as a petition for writ of habeas corpus. Treating the petition as one filed pursuant to the Post-Conviction Relief Act[1] (hereinafter "PCRA"), the PCRA court denied it for Appellant's failure to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant also filed a document titled "Motion for Remand" with this Court on March 22, 2016, wherein he asks this Court to remand this matter to "allow the Common Pleas Court to correct the unlawful conviction and sentence imposed in violation of a

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

substantive rule" in light of the United States Supreme Court's recent decision in **Montgomery v. Louisiana**, ___ U.S. ___, ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[2] Motion for Remand, 3/22/16, at 1 (unnumbered). Upon our review of the record, we affirm the order of the PCRA court and deny Appellant's motion.

Following a jury trial, on July 22, 1993, Appellant was convicted of Murder of the first degree[3] in connection with a shooting death. Intending to kill his female victim who successfully had ducked to avoid being hit by the gunshot, Appellant shot and mortally wounded a male individual in Lancaster in the early morning hours of November 8, 1992. Appellant accordingly was sentenced to life in prison immediately following the verdict. This Court affirmed his judgment of sentence on June 14, 1995, and our Supreme Court denied his petition for allowance of appeal on November 29, 1995. **Commonwealth v. Pridgen**, 665 A.2d 1302 (Pa.Super. 1995) (unpublished memorandum), **appeal denied**, 543 Pa. 692, 670 A.2d 141 (1995).

Appellant filed his first PCRA petition on May 23, 1996. Numerous filings followed over the years, including three unsuccessful PCRA petitions and two unsuccessful petitions for writ of habeas corpus. The petition giving

_____

[2] Therein, the United States Supreme Court held that its decision in **Miller v. Alabama**, 567 U.S. ___, ____, 132 S.Ct. 2455, 2460, 183 L.Ed. 2d 407 (2012), prohibiting mandatory life sentences without the possibility of parole for juvenile offenders, announced a new substantive rule of federal constitutional law that must be applied by the states retroactively.
[3] 18 Pa.C.S.A. 2502(a).

rise to the instant appeal originated as a habeas corpus petition and was filed on October 9, 2015. Therein, Appellant essentially averred his detention is unlawful because he has been convicted of "a charge not made in Criminal Information No, 3471-1992 in violation of due process clauses under the State and Federal Constitutions." He further claimed his issue presented "does not have anything to do with the truth determining process of the states' Post Conviction Relief Act (PCRA) addresses [sic]." Writ of Habeas Corpus, 10/9/15, at ¶¶ 2-3.

The PCRA court treated Appellant's *habeas corpus* petition as a PCRA petition which it dismissed on November 10, 2015, following the proper issuance of its notice of intention to deny the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely notice of appeal with this Court, and in its Order of December 8, 2015, the PCRA court directed Appellant to file a statement of matters complained of on appeal. Appellant never filed such a statement, and for this reason, in its Opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court requested this Court to affirm its November 10, 2015, Order.

In his brief, Appellant raises the following issues for our review.

1. Whether a Criminal Information not charging (containing) the essential statutory elements for which the conviction is based on constitutes a material fact?
2. Whether a conviction based upon essential statutory elements of a[n] offense not charged (contained) in the criminal information is consistent with State and Federal Constitutions

J-S36040-16

regarding due process and equal protection, and Eight [sic] Amendment?

3. Whether the State Court turning *habeas corpus* into a PCRA to exercise a jurisdictional exception and time bar is being improperly utilized to give validity to a conviction based upon essential statutory elements of a[n] offense not charged (contained) in the criminal information?

Appellant's Brief at 4 (unnumbered).

Initially, we find the trial court properly treated Appellant's habeas corpus petition as a PCRA petition, for the PCRA subsumes the right to petition for writs of *habeas corpus*. **See** 42 Pa.C.S.A. § 9542. Our Supreme Court has ruled that where the relief requested is available under the PCRA, a PCRA petition is the only vehicle available for one to obtain such relief and any petition otherwise styled must be treated as a PCRA petition. **See Commonwealth v. Eller**, 569 Pa. 622, 807 A.2d 838 (2002). In addition, 42 Pa.C.S.A. § 6503(b) specifically prohibits the use of a petition for habeas corpus where a remedy is available under the PCRA. 42 Pa.C.S.A. § 6503(b)(stating"[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law").

As he had done in previous petitions, Appellant attempted herein to cast his petition for writ of habeas corpus as raising issues not subsumed by the PCRA and, therefore, not subject to its time limits. In support of his doing so, he asserts in his appellate brief that the criminal information did

not contain "the essential statutory elements of willful, deliberate, and premeditated, which the present conviction is based upon." Appellant's Brief at 6 (unnumbered). Such a claim concerning a defect in the criminal information clearly affects an accused's ability to defend, and it follows that it affects the truth-determining process; thus, Appellant could have sought relief under the PCRA. *See* 42 Pa.C.S.A 9543(a). As such, his writ of habeas corpus is subsumed, and for the reasons that follow, we find Appellant's petition was untimely filed and properly dismissed.

"Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted). Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)      the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition invoking an exception must show due diligence insofar as the petition must be filed within 60 days of the date the claim first could have been presented. *Commonwealth v. Edmiston*, 619 Pa. 549, 65 A.3d 339 (2013).

Herein, our Supreme Court denied Appellant's petition for allowance of appeal on November 29, 1995; therefore, his judgment of sentence became final ninety days thereafter, on February 27, 1996, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). As the instant petition was not filed until October 19, 2015, it is patently untimely. ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves statutory exception to PCRA time-bar). Furthermore, Appellant has not explicitly plead any of the exceptions to the PCRA time bar as is required to invoke one of those exceptions and to preserve an otherwise untimely petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Beasley***, 559 Pa. 604, 741 A.2d 1258 (1999).

Thus, while the trial court dismissed Appellant's petition for his failure to timely file a 1925(b) statement, it is clear that even if all of the Pa.R.A.P. 1925 requirements had been met, the PCRA court had no jurisdiction to hear the petition due to its untimeliness. Therefore, we conclude the PCRA court did not err when it dismissed Appellant's petition without holding a hearing. ***See Commonwealth v. Cassidy****,* 462 A.2d 270, 272 (Pa.Super. 1983) (holding that the Superior Court "will affirm the trial court's decision if the

result is correct on any ground, without regard to the grounds on which the trial court relied").

This does not end our inquiry, however, for Appellant has since filed with this Court a Motion for remand on March 16, 2016, wherein he requests this Court to remand the matter to "allow the Common Pleas Court to correct the unlawful conviction and sentence imposed in violation of a substantive rule." Appellant states the "Constitution" provides a state may not enforce a "conviction and sentence upon elements of a charge not made" and provides what he presents as the following brief quotations from the Supreme Court's decision of January 25, 2016, in **Montgomery**, **supra**:

> ".., that a court has no authority to leave in place a conviction or sentence that violates a substantive rule, ..". and "There is no grandfather clause that permits States to enforce punishments the Constitution forbids.". also ",..no resources marshalled by a State could preserve a conviction or sentence that the Constitution deprives the State of power to impose.".

Motion for Remand, 3/22/16, at 1 (unnumbered).

To the extent Appellant claims he is entitled to relief under 42 Pa.C.S.A. § 9545(b)(1)(ii)'s newly-discovered fact exception, our Supreme Court has previously described a petitioner's burden thereunder as follows:

> [Section 9545](b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

*Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa.Super. 2011) (citation omitted). However, judicial opinions are not newly-discovered facts for the purposes of Section 9545(b)(1)(ii). *Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980 (2011).

In any event, to the extent Appellant's statements may aver Section 9545(b)(1)(ii) is satisfied on the basis that the "newly-discovered fact" is his illegal and unconstitutional sentence in light of the Pennsylvania Supreme Court's recent decision in *Montgomery*, Appellant presents nothing more than the bald aforesaid assertions to support a claim that case is dispositive herein. This Court has held, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." *Commonwealth v. Miller*, 102 A.3d 988, 995 (citation omitted). As stated previously, the Supreme Court in *Montgomery* held that its decision in *Miller v. Alabama*, 567 U.S. ___, ____, 132 S.Ct. 2455, 2460, 183 L.Ed. 2d 407 (2012), prohibiting mandatory life sentences without the possibility of parole for juvenile offenders announced a new, retroactive substantive rule of federal constitutional law. Appellant was almost thirty

years old when he murdered the victim. As such, that holding clearly is not dispositive herein.

Moreover, even assuming, *arguendo*, Appellant's sentence was illegal from its inception, and not just allegedly from the date of the decision rendered in **Montgomery**, Appellant must prove the applicability of one of the above-stated timeliness exceptions in order for this Court to have jurisdiction to correct the illegal sentence. ***See Miller***, ***supra***. Appellant simply has not done so.

Appellant's PCRA petition is untimely, and he has proven no exception. Therefore, the courts lack jurisdiction to consider the merits of the issues, including legality of sentence, presented in Appellant's petition.

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2016